O’Neaee, J.
There is no doubt that the plaintiffs are entitled to have partition of the testator’s real estate, and an account of whatever sum still remains in the hands of the executors of the testator to which their deceased mother was entitled. That the Circuit decree did not make provision for these interests; arose from the fact that the effect of the husband’s assignment of his wife’s chose in action, appeared to be the only matter in controversy.
It is now necessary to examine the Circuit decree in relation to that matter. I agree generally with my brother Harper, that the husband may assign the wife’s chose in action, and that she would, if it was for a valuable consideration, be bound by it. But this concession of a general rule must be taken as subject to a qualification and exception, which is, I think, very well stated by the Lord Chancellor : in the case of Honner v. Morton, 3 Russ. 65, and 3 Cond. Eng. Chan. Rep. 298, he says, “When the husband assigns the chose in action of his wife, one would suppose on the first impression, that the assignee would not be in a better situation than the assignor; and that he too must take some steps to reduce the subject into possession, in order to make his title good against the wife surviving. But equity considers the assignment by the husband as amounting to an agreement that he will reduce the.property into possession ; it likewise considers what a party agrees to do as actually done; and, therefore, where the husband has the power of reducing the property into possession, his assignment of the chose in action of the wife will be regarded as a reduction of it into possession. ■ On the other hand, I should also infer, that when the husband has not the power of reducing the chose in action into possession, his assignment does not transfer the property till, by subsequent events he comes into the situation of being able to reduce the property into possession; and *then his previous assignment will operate on his actual sitúation, and the property will be transferred. ” *-
The Chancellor, in that case, after a very elaborate examination of all the authorities, in which he showed clearly and conclusively that this qualification and exception was well sustained by direct authority, and that it was not opposed by any express adjudication, although several *58 dicta would appear to conflict with it, held, that the vested interest of a wife in remainder after a life estate, which had been assigned by husband and wife for a valuable consideration did not pass under the assignment, inasmuch as the husband died during the life estate, leaving his wife surviving ; and the estate in remainder to the wife could not, therefore, have been reduced into possession by him. A different result would have taken place if the wife had died and the husband had survived the termination of the life estate: in such a case, by the law of England, he would have been entitled to the administration of his wife’s estate, and by such administration he would have become the legal owner of her choses in action without any liability to account for the same to her heirs. This would, in this last mentioned case, have made his assignment effectual, on the ground “that he had the power to reduce the chose in action into possession,” for his own use.
In the case of Purdew v. Jackson, 1 Russell, 1, it was ruled that “ where husband and wife by deed executed by both, assign to a purchaser for valuable consideration a moiety of a share of an ascertained fund, in which the wife has a vested interest in remainder expectant on the death of a tenant for life of that fund, and both the wife and tenant for life outlive the husband, the wife is entitled by right of survivorship to claim the whole of her share of the fund against such particular assignee for valuable consideration.”
In the same case, (at page 80,) Sir Thomas Plurner, the Master of the Rolls, stated the result of his elaborate examination to be, that “ all assignments made by the husband of the wife’s outstanding personal chattel, which is not or cannot be then reduced into possession, whether the assignment be in bankruptcy or under the insolvent acts, or to trustees for the payment of debts, or to a purchaser for valuable consideration, pass only the interest which the husband has, subject to the wife’s legal right by the survivorship.”
These two well considered English cases, must certainly be regarded as settling conclusively, that the husband’s assignment can only *operate -I to pass the interest of the wife in her chose in action, when he had or has the power to reduce it into possession for his own use; if he never has any such power, his assignee can have no rights.
The previous English cases, it appears to me, so far as I have had the opportunity to examine them, may be very well reconciled with this qualification and exception. They generally relate to bonds and mortgages in the actual possession of the husband, or to legacies to the wife which are due and payable in presenti, or become due and payable during the continuance of the coverture. In all these cases it will be seen that the husband has the right and power to reduce the chose in action of the wife into possession for his own use, and hence his assignment has effect.
The case of Bates v. Dandy, (reported more fully and accurately in a note to Honner v. Morton, 3 Cond. Eng. Ch. Rep. 301, than it is in Atkins,) was, where the husband was in the actual possession of the mortgages which had been set apart as his wife’s share of her deceased brother John Dyer’s estate, but which were not assigned by the executor during the lifetime of the husband : the husband assigned them to secure a sum of £200 borrowed from the plaintiff’s intestate: it was held, by *59 Lord Hardwicke, that the assignment was a valid assignment of the mortgages, as the wife’s chose in action, and that unless she redeemed by-paying the amount borrowed, with interest and costs, that the assignment should become absolute. There can be no doubt that that case, which is a leading one, is plainly reeoncileable with the cases of Honner v. Morton and Purdew v. Jackson. The husband there could have reduced the chose in action into possession during his life; for he could have compelled John Dyer’s executor to have assigned to him, and under 'his assignment have foreclosed the mortgages and received the amount secured to be paid by them.
In the case of Whiten. St. Barbe, 1 Tes. & B. 405, the Master of the Dolls, Sir William Grant, speaking of an interest of a feme covert in remainder after the death of a tenant for life, which had been settled by her husband to the use of their children after the death of the tenant for life, said, “ A husband can dispose of such property of his wife in expectancy, against every one but the wife surviving; and this is just sucMa settlement as the Court would have directed.” In that case the wife died in the lifetime of the tenant for life, and the husband took out administration* upon her estate. The fact of the husband’s surviv- L orship and administration, according to the law of England, would have entitled him to reduce his wife’s chose in action into possession for his own use, and hence his assignment or settlement of it was legal and valid.
The case of Forrest v. Warrington, 2 Eq. Rep. 254, is the only reported case in this State on the subject; it was the case of an assignment for valuable consideration, of the Bank stock of the wife by the husband. The husband had the legal possession of the stock, and it was on that ground his assignment was sustained ; for Chancellor James, who delivered the decree of the Court, (at page 261,) says, “ After the marital rights had attached, it only remained for the husband to reduce the property into possession, to be able in law to assign the same ; and this, it appears, he did by exercising acts of ownership over it; first, by receiving the dividends for three years ; second, by depositing the certificates for the same in the Charleston Insurance Company ; and third, by assigning the same to the defendant.” So far as that case is to operate as authority, it unquestionably does not militate against the qualification and exception which is stated by the Lord Chancellor in the case of Honner v. Morton.
According to that qualification and exception, it is plain that' in this case, if the wife had survived the husband, his assignment would not have defeated her rights in remainder after the death of her mother. Does her death vary the case ? It is clear, that, in this State, it does not. The husband’s administration would not entitle him to reduce her chose in action into possession for his own use. His only interest is as one of his wife’s distributees. The twelfth section of the Act of Distributions, (1791,) 1 Brev. Dig. Tit. 101, p. 424, directs that, “on the death of any married woman, the husband shall be entitled to the same share of her real estate, as is herein given to the widow out of the estate of the husband, and the remainder of her real estate shall be distributed among her descendants and relatives in the same manner as is heretofore directed, in case of the intestacy of a married man.” The fourteenth section provides, “ that in all cases of intestacy the personal estate shall *60 be distributed in the same manner as real estates are disposed of by this Act.” Looking' back to the third section, it will be seen that it establishes the rule of distribution of an intestate’s estate when he dies leaving a widow and children, to be *one.-third to the wife, and J the remainder to be divided among the children. According to the provisions cited, the real and personal estate of the wife, dying intestate, is to be divided in the same manner as that of the husband. So that John Matheney, on the death of his wife, was only entitled to one-third part of her real and personal estate. His assignment of her interest in remainder, after her mother’s death, could .only convey his distributive share of it as his wife’s heir at law, for during her life-time he could not reduce it into possession; and at her death it was her estate, to be administered after the termination of the life estate, and distributed according to the Act of 1191. His assignee (Quartermus,) could, at most, only have the right to administer on Mrs. Matheney’s estate; and ■ as her administrator, he could only retain to his own use the share of her husband under his assignment; the remainder he would be bound to pay over to her distributees. It follows, that the husband’s assignment does not defeat the rights of the plaintiffs
It is therefore ordered and decreed, that the Circuit decree be reversed, that the writ of partition do issue to make partition of the real estate of John Guess, sen., (deceased); that John Matheney and Patrick Quartermus do account to the plaintiffs for so much of the share of their mother, Rachel, of the personal estate of John Guess, sen., which the said Patrick received from the executors under the assignment of the said John, which may exceed the said John’s one-third part of her whole share of the personal estate of the said John Guess, sen., with the interest thereon from the death of the tenant for life; in the event of the said John Matheney and Patrick Quartermus, being unable to pay the same, the executors, John Guess and David Felder, will account for and pay the same. It is also ordered and decreed, that John Guess and David. Felder, do account for and pay to the plaintiffs, the entire balance of their mother Rachel’s share of her father, John Guess’s estate, remaining in their hands after the said payment to Patrick Quartermus, with the interest upon the said balance.
Johnson, J., concurred.